# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **Kenya Zaragoza and Jean Carlos Rivera Salcedo, h/w,** <br><br> *Plaintiffs*, <br> v. <br><br> **CONAGRA BRANDS, INC. a/k/a CONAGRA FOODS** <br> and <br> **CONAGRA FOODS, INC. a/k/a CONAGRA FOODS** <br> And <br> **JOHN DOES 1 – 20** <br><br> *Defendants.* | Case No. 5:21-cv-03446-JLS <br><br> CIVIL ACTION |

## DEFENDANTS CONAGRA BRANDS, INC. AND CONAGRA FOODS INC.'S ANSWER TO PLAINTIFFS' COMPLAINT AND AFFIRMATIVE DEFENSES

Defendants ConAgra Foods, Inc. and Conagra Brands, Inc. (together, "Conagra"), by and through its attorneys, hereby answers and asserts affirmative defenses to the Complaint of Kenya Zaragoza and Jean Carlos Rivera Salcedo ("Plaintiffs"). Unless specifically admitted, Conagra denies all allegations and claims contained in the Complaint.

1. Conagra is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 1 and therefore denies the same.

2. Conagra is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 2 and therefore denies the same.

3. Admit that ConAgra Brands, Inc. is organized under the laws of the State of Delaware, and admit that Conagra Brands, Inc. maintains its principal place of business at 222 Merchandise Mart Plaza, Chicago, Illinois, 60654.

4. Admit that ConAgra Foods, Inc. was organized under the laws of the State of Delaware. Denied that ConAgra Foods, Inc. has ever maintained a principal place of business at 222 Merchandise Mart Plaza, Chicago, Illinois. Responding further, Conagra avers that ConAgra Foods, Inc. is a registered trade name of Conagra Brands, but is not a separate corporate entity.

5. Conagra is without information or knowledge sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies the same.

## JURISDICTION AND VENUE

6. Conagra avers that the allegations in this paragraph contain conclusions of law to which no response is required. To the extent a response is required, Conagra denies the allegations in this paragraph.

7. Conagra avers that the allegations in this paragraph contain conclusions of law to which no response is required. To the extent a response is required, Conagra denies the allegations in this paragraph.

8. Conagra avers that the allegations in this paragraph contain conclusions of law to which no response is required. To the extent a response is required, Conagra denies the allegations in this paragraph.

# FACTS

9. Conagra is without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies the same.

10. Conagra is without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies the same.

11. Conagra is without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies the same.

12. Conagra admits that it sells food products, including cooking spray, under a variety of brands. Conagra denies that it sells cooking spray directly to the public. Conagra denies the remaining allegations in this paragraph.

13. Conagra is without information or knowledge sufficient to form a belief as to the allegations in this paragraph and therefore denies the same.

14. Conagra is without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies the same. Conagra further avers that the term "extremely flammable" is undefined and therefore denies the allegation characterizing the propellants as such.

15. Conagra is without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies the same.

16. Conagra is without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies the same.

17. Conagra admits that it sells food products, including cooking spray, under a variety of brands. Conagra denies that it sells cooking spray directly to the public. Conagra denies the remaining allegations in this paragraph.

18. Conagra is without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies the same.

## COUNT I – STRICT PRODUCTS LIABILITY
### (Plaintiff Kenya Zaragoza v. All Defendants)

19. Conagra restates and incorporates its answers to the above as if fully set forth herein.

20. Conagra avers that the allegations in this paragraph contain conclusions of law to which no response is required. To the extent a response is required, Conagra denies that it sold a defective cooking spray product and further denies the allegations in this paragraph.

21. Conagra denies the allegations in this paragraph.

22. Conagra avers that it does not sell cooking spray directly to the public, but that it expects its cooking spray products to reach end-users in a safe condition. Conagra lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies the same.

23. Conagra denies the allegations in this paragraph, including subparts a-g.

24. Conagra is without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies the same.

25. Conagra denies that there is a defect in PAM Cooking Spray and further the allegations in this paragraph.

26. Conagra denies the allegations in this paragraph.

27. Conagra denies the allegations in this paragraph.

28. Conagra denies the allegations in this paragraph.

29. Conagra denies the allegations in this paragraph.

30. Conagra denies the allegations in this paragraph.

31. The allegations of this paragraph are not directed at Conagra, and as such, no response is required. To the extent a response is required, Conagra denies the allegations in this paragraph.

WHEREFORE, Conagra respectfully requests that this Honorable Court enter judgement in its favor and against Plaintiff Zaragoza, together with attorneys' fees, costs, and such other relief as this Honorable Court deems just and appropriate.

### COUNT II – NEGLIGENCE
**(Plaintiff Kenya Zaragoza v. All Defendants)**

32. Conagra restates and incorporates its answers to the above as if fully set forth herein.

33. Conagra avers that the allegations in this paragraph contain conclusions of law to which no response is required. To the extent a response is required, Conagra denies the allegations in this paragraph.

34. Conagra denies the allegations in this paragraph.

35. Conagra denies the allegations in this paragraph, including subparts a-k.

36. Conagra is without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies the same.

37. Conagra denies that there is a defect in PAM Cooking Spray and further denies the allegations in this paragraph.

38. Conagra denies the allegations in this paragraph.

39. Conagra denies the allegations in this paragraph.

40. Conagra denies the allegations in this paragraph.

41. Conagra denies the allegations in this paragraph.

42. Conagra denies the allegations in this paragraph.

43. The allegations of this paragraph are not directed at Conagra, and as such, no response is required. To the extent a response is required, Conagra denies the allegations in this paragraph.

WHEREFORE, Conagra respectfully requests that this Honorable Court enter judgement in its favor and against Plaintiff Zaragoza, together with attorneys' fees, costs, and such other relief as this Honorable Court deems just and appropriate.

### COUNT III – BREACH OF WARRANTIES, EXPRESS AND IMPLIED
**(Plaintiff Kenya Zaragoza v. All Defendants)**

44. Conagra restates and incorporates its answers to the above as if fully set forth herein.

45. Conagra avers that the allegations in this paragraph contain conclusions of law to which no response is required. To the extent a response is required, Conagra avers

that PAM Cooking Spray is safe for its intended or foreseeable uses and denies all remaining allegations in this paragraph.

46. Conagra denies the allegations in this paragraph.

47. Conagra denies the allegations in this paragraph.

48. Conagra denies the allegations in this paragraph.

49. The allegations of this paragraph are not directed at Conagra, and as such, no response is required. To the extent a response is required, Conagra denies the allegations in this paragraph.

WHEREFORE, Conagra respectfully requests that this Honorable Court enter judgement in its favor and against Plaintiff Zaragoza, together with attorneys' fees, costs, and such other relief as this Honorable Court deems just and appropriate.

**COUNT IV – LOSS OF CONSORTIUM**
**(Plaintiff Jean Carlos Rivero Salcedo v. All Defendants)**

50. Conagra restates and incorporates its answers to the above as if fully set forth herein.

51. Conagra denies the allegations in this paragraph.

52. Conagra avers that the allegations in this paragraph contain conclusions of law to which no response is required. To the extent a response is required, Conagra denies the allegations in this paragraph.

53. The allegations of this paragraph are not directed at Conagra, and as such, no response is required. To the extent a response is required, Conagra denies the allegations in this paragraph.

WHEREFORE, Conagra respectfully requests that this Honorable Court enter judgement in its favor and against Plaintiff Rivero Salcedo, together with attorneys' fees, costs, and such other relief as this Honorable Court deems just and appropriate.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

The Complaint fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**

Some or all of Plaintiffs' claims are barred by the applicable statute of limitations and repose.

**THIRD DEFENSE**

Plaintiffs' claims are preempted by the applicable regulations of the Food and Drug Administration, the Hazardous Materials Regulations of the Department of Transportation, the Federal Hazardous Substances Act and/or other federal statues or regulations.

**FOURTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiff Zaragoza misused the cooking spray allegedly at issue and failed to read and/or otherwise take notice of the directions for use and warnings on the cooking spray label.

**FIFTH DEFENSE**

Plaintiff Zaragoza failed and/or neglected to exercise ordinary care for her own personal safety and welfare, which was a proximate cause of the injuries and damages alleged.

## SIXTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiff Zaragoza knew of the hazard that ultimately injured her and confronted the hazard knowingly and intentionally.

## SEVENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the potential danger associated with the cooking spray canister allegedly at issue was open and obvious and/or generally known and recognized.

## EIGHTH DEFENSE

Upon information and belief, the accident in question was caused by independent and/or superseding actions of persons or entities other than Conagra and for whom Conagra is in no way responsible or liable.

## NINTH DEFENSE

At all times relevant hereto, Conagra's products complied with industry standards and federal and state standards and regulations governing the manufacturing, sale, packaging, and distribution of said products.

## TENTH DEFENSE

There are no express warranties and no privity of contract between Plaintiffs and Conagra. Moreover, Plaintiff Zaragoza failed to provide proper notice to Conagra of her warranty claims.

## ELEVENTH DEFENSE

The product at issue in this case, when placed into the stream of commerce, was a reasonably safe product as defined under Pennsylvania law.

## TWELFTH DEFENSE

The doctrine of spoliation and the failure to properly preserve evidence necessary to the determination of the alleged claims bar claims against Conagra, in whole or in part.

## THIRTEENTH DEFENSE

If Conagra is found to be negligence, said negligence will be less than Plaintiffs' negligence, and, as such, Plaintiffs are barred from recovering damages against Conagra.

## FOURTEENTH DEFENSE

Plaintiffs' negligence, including comparative negligence and assumption of risk, caused, in whole or in part, the damages claimed herein. Pursuant to the Pennsylvania Comparative Negligence Act, 42 Pa.C.S.A. § 7102, said damages should be diminished in in proportion to Plaintiffs' negligence.

## FIFTEENTH DEFENSE

In the event there has been any recovery by way of settlement, judgment or otherwise, 42 Pa.C.S.A. § 8329 applies to this action.

## SIXTEENTH DEFENSE

Conagra hereby gives notice that it intends to rely upon such other and further defenses as may become available or apparent during discovery proceedings in this action, and hereby reserves the right to amend its Answer and to assert any such defense by appropriate motion or as of right.

## SEVENTEENTH DEFENSE

Plaintiffs' claims are barred because Plaintiffs have not suffered any damages.

## EIGHTEENTH DEFENSE

No act or actions by Conagra can be considered the legal cause of damages suffered by Plaintiffs.

## NINETEENTH DEFENSE

Conagra did not breach any duty owed to Plaintiffs.

## TWENTIETH DEFENSE

Plaintiffs' injuries and damages, if any, were solely and proximately caused by the acts and/or omissions of third parties over whom Conagra had no control or right of control.

## TWENTY-FIRST DEFENSE

Plaintiffs' damages should be barred or reduced because they have failed to mitigate their own damages.

## TWENTY-SECOND DEFENSE

Conagra was not negligent.

## TWENTY-THIRD DEFENSE

Plaintiffs' damages based on medical costs or other economic losses must be reduced to the they have been paid, replaced, or indemnified in whole or in part from collateral sources, or with reasonable certainty will be replaced or indemnified in the future from such collateral sources.

WHEREFORE, having stated its answer and affirmative defenses, Conagra respectfully requests that this Honorable Court enter judgement as follows:

1. That this lawsuit be dismissed in its entirety and with prejudice;

2. That if judgment enters for Plaintiffs, said judgment be reduced by any comparative responsibility of Plaintiffs;

3. For costs and disbursements as permitted by law; and

4. For such other and further relief as the Court may deem just and proper.


## **DEMAND FOR JURY TRIAL**

Conagra hereby demands a trial by jury as to all issues in the Complaint, Answer, Crossclaims, and Affirmative Defenses.


Dated: August 9, 2021                  Respectfully submitted,

                                                  /s/
                                     Basil A. Disipio, Esquire
                                     Matthew D. Garson, Esquire
                                     Attorneys for Defendants Conagra Brands, Inc.
                                     and ConAgra Foods, Inc.
                                     190 North Independence Mall West 6th & Race Streets, Suite 500
                                     Philadelphia, PA 19106
                                     (215) 627-0303 (phone)
                                     (215) 627-2551 (fax)
                                     bdisipio@lavin-law.com (e-mail)
                                     mgarson@lavin-law.com (e-mail)

# CERTIFICATE OF SERVICE

I hereby certify that on August 9, 2021, a true and correct copy of the Answer of Defendant Conagra Brands, Inc. (Incorrectly identified as Conagra Brands, Inc. d/b/a "Conagra Brands", "Conagra" and "Conagra Foods") was electronically filed and forwarded to the following counsel of record via the Court's E-filing System.

>John N. Zervanos, Esquire
>Drew P. Von Bargen, Esquire
>Soloff & Zervanos, P.C.
>1525 Locust Street, 8th Floor
>Philadelphia, PA 19102
>***Attorney for Plaintiffs,***
>***Kenya Zaragoza and Jean Carlos Rivera Salcedo, h/w***

**LAVIN, CEDRONE, GRAVER, BOYD & DISIPIO**

BY: _____/s/_____
Matthew D. Garson, Esquire